UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES J.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 2:25-CV-194-DWC

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of his applications for Supplemental Security Income (SSI) benefits and Child's Insurance Benefits (CIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court concludes that this matter must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

## I.  BACKGROUND

Plaintiff applied for SSI on July 27, 2021, and for CIB on September 13, 2021. Administrative Record (AR) 17. His alleged date of disability onset is September 24, 2017. *Id.*

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 1

His requested hearing was held before an Administrative Law Judge (ALJ) on November 16, 2023. AR 46–63. On February 12, 2024, the ALJ issued a written decision finding Plaintiff not disabled. AR 14–35. The Appeals Council declined Plaintiff's request for review, making the ALJ's decision the final agency action subject to judicial review. AR 1–6. On February 5, 2025, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision. Dkt. 5.

## II.   STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III.   DISCUSSION

In his opening brief, Plaintiff argues the ALJ erred in assessing his subjective symptom testimony and the lay witness statement of his mother. Dkt. 9.

**A.   Subjective Symptom Testimony**

In a function report, Plaintiff indicated he handles stress and changes to routine poorly, that his impairments inhibit his motivation to perform tasks, and that socializing with others and leaving his home causes stress. *See* AR 279, 280, 288, 290. At the hearing, he testified his daily functioning was limited—he seldom leaves the house except for medical appointments due to stress from doing so and seldom talks to people other than medical professionals and family members. *See* AR 51–53, 55–56. The ALJ was required to "give 'specific, clear and convincing reasons' in order to reject [Plaintiff's] testimony about the severity of the symptoms." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)); AR 23.

The ALJ found the RFC reflected at least some of Plaintiff's alleged symptoms:

> based on the evidence in the record, including the testimony by the claimant, I have accommodated the claimant's concentration and adaptation issues by limiting him to 3 to 4 step tasks with no more than occasional changes in the work setting. In addition, I have further accommodated the claimant's social issues by limiting him to work that does not require more than occasional and superficial interaction with supervisors and coworkers, and no public contact as an integral part of a job.

AR 24. The ALJ further discounted Plaintiff's testimony based on (1) its inconsistency with objective medical evidence and (2) Plaintiff's course of treatment. AR 23.

First, "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)). In support of his finding that Plaintiff's testimony was inconsistent with the medical evidence, the ALJ identified examination results revealing normal mood, affect, insight, judgment, and orientation, along with observations from examinations that Plaintiff was attentive and engaged. *See* AR 23.

The ALJ reasonably found such evidence inconsistent with some of Plaintiff's testimony. For instance, to the extent Plaintiff alleged his stress from social interactions prevented him from engaging in the superficial interactions the RFC found him capable of, the ALJ reasonably found the lack of abnormal results in mood or communication at medical appointments inconsistent with such allegations.

On the other hand, the Court cannot discern, nor did the ALJ explain, how the evidence cited is inconsistent with Plaintiff's allegations about his motivational difficulties, difficulties handling changes in routine, and difficulties with schedules. Because the ALJ failed to properly explain such an inconsistency, the Court cannot affirm on this basis. *See Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) ("[T]o satisfy the substantial evidence standard, the ALJ

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 3

1     must . . . explain why the medical evidence is *inconsistent* with the claimant's subjective
2     symptom testimony.") (emphasis in original).
3             Second, the ALJ discounted Plaintiff's testimony because he had been non-compliant
4     with recommendations that he pursue therapy during the first several years of the relevant period
5     and take medications. AR 23–24. An inadequately explained failure to follow prescribed
6     treatment may be a proper basis for rejecting a claimant's testimony. *See Orn v. Astrue*, 495 F.3d
7     625, 638 (9th Cir. 2007).
8             Here, however, the ALJ erred by inadequately considering the reasons Plaintiff did not
9     comply with those treatment recommendations. ALJs may not discount symptom testimony on
10    the basis of failure to comply with treatment recommendations "without considering possible
11    reasons he or she may not comply with treatment." SSR 16-3p.
12            An explanation for Plaintiff's failure to pursue therapy is readily inferred from the rest of
13    his testimony: leaving his home causes stress, he seldom does so, and his impairments cause
14    poor motivation. *See* AR 52–53, 56, 284; *cf. Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir.
15    1996) ("[I]t is a questionable practice to chastise one with a mental impairment for the exercise
16    of poor judgment in seeking rehabilitation.") (citing and quoting *Blankenship v. Bowen*, 874 F.2d
17    1116, 1124 (6th Cir. 1989)).
18            Plaintiff indicated he did not take psychiatric medications because they would exacerbate
19    his gastrointestinal symptoms. *See* AR 395. As the ALJ noted, Plaintiff does take some other
20    medications that might cause gastrointestinal symptoms (*see* AR 23), but this does not mean
21    Plaintiff's gastrointestinal symptoms would not be exacerbated by further medication, so it does
22    not render Plaintiff's explanation inadequate.
23
24

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 4

1  In sum, the ALJ failed to provide clear and convincing reasons for rejecting some of Plaintiff's allegations, including his allegations of debilitating motivational issues, difficulty with changes in routine, and difficulty handling schedules and stress. Because the ALJ was required to provide an explanation specific to Plaintiff's allegations in rejecting his testimony, this was error. *See Smith v. Kijakazi*, 14 F.4th 1108, 1113 (9th Cir. 2021). Defendant does not contend such an error is harmless, so the Court reverses. *See Ferguson*, 95 F.4th at 1204.[1]

**B.     Lay Witness Statement**

In November 2021, Plaintiff's mother submitted a statement describing Plaintiff's functional abilities. AR 266–73. The ALJ indicated she had considered the statement but did not articulate reasons for rejecting it. *See* AR 27. The ALJ was required to provide germane reasons for rejecting these statements. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

Defendant argues that, under the revised regulations for considering medical opinions, the ALJ was not required to consider this statement. Dkt. 13 at 7–8. The Court disagrees. The new regulations specify only that they are inapplicable to non-medical source statements and do not state anything about how an ALJ is required to evaluate such statements. *See* 20 C.F.R. § 416.920c(d). The new regulations did not remove the requirement that an ALJ consider a lay witness statement, and this requirement is the genesis of the germane reasons standard. *See Rhea L. v. Comm'r of Soc. Sec.*, No. 2:24-CV-870, 2024 WL 5244402, at *4–5 (W.D. Wash. Dec. 30, 2024) (citing *Dodrill*, 12 F.3d at 919; 20 C.F.R. §§ 404.1545(a)(3), 404.1529(a); SSR 96-8p).

---

[1] Although the ALJ limited Plaintiff to performing work with only occasional workplace changes, this does not necessarily capture Plaintiff's alleged difficulties in handling changes in his routines at work. *Cf. Stiffler v. O'Malley*, 102 F.4th 1102, 1109–10 (9th Cir. 2024) (limitation concerning frequency of changes in workplace environment "concerns broader revisions to the workplace environment" which "are distinct from 'situational variables' in the tasks being performed"). Because Defendant does not argue such allegations are captured by the RFC, the Court need not decide the issue.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 5

Indeed, Plaintiff's mother's statement was particularly significant here because the only medical opinion written by a treating or examining source relied upon by the ALJ[2] opined Plaintiff's insight into his condition was poor and Plaintiff's mother was the only source with insight into Plaintiff's daily functioning besides Plaintiff himself. *See* AR 25, 475. An ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570–71 (9th Cir. 1995) (quoting *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)); *see also* SSR 11-2p(I)(B) (evidence from family can be valuable in young adult disability claim).

Defendant also argues any error in failing to assess the statement is harmless because the statement is duplicative of Plaintiff's subjective symptom testimony. Dkt. 13 at 10. Failing to provide germane reasons for rejecting a lay witness statement is harmless error where the statement is cumulative of testimony the ALJ provided proper reasons for rejecting and those reasons apply to the lay witness statement. *See Molina*, 674 F.3d at 1116–22.

For the most part, Plaintiff's mother's statement was duplicative of Plaintiff's testimony. She indicated Plaintiff had trouble with certain daily activities, preferred not to socialize, and had difficulties handling stress and changes in schedule. *See* AR 268, 271, 272. As discussed, the ALJ provided adequate reasons for rejecting some of this evidence, but did not properly address other parts of Plaintiff's allegations.

Additionally, Plaintiff's mother also indicated he had difficulties following spoken instructions (*see* AR 271), which Plaintiff did not himself allege (*see* AR 279). Although the ALJ considered Plaintiff's ability to follow instructions generally in considering the medical opinion

---

[2] Another examining source's assessment was found persuasive by the ALJ, but the ALJ acknowledged the source "did not provide an opinion regarding the claimant's abilities and limitations in a work-setting." AR 25.

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 6

evidence, none of the medical sources opined specifically as to whether Plaintiff could follow spoken instructions. *See* AR 25–27.

Thus, Plaintiff's mother's statement was not entirely duplicative of properly assessed evidence, so the ALJ's error in failing to assess the statement is not harmless.

### IV.  CONCLUSION

For the foregoing reasons, the Court **REVERSES** and **REMANDS** the decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 22nd day of July, 2025.

David W. Christel
United States Magistrate Judge